IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

STEPHANIE J. ROSKOVSKI,

*Defendant.*

Criminal No. 2:19-cr-106 - 1

Hon. William S. Stickman IV

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Pending before the Court is Defendant Stephanie J. Roskovski's Motion for Staggered Sentences. (ECF No. 221). Mrs. Roskovski is due to report on August 17, 2021, to FPC Alderson for service of her term of 51 months' imprisonment, followed by three years of supervised release. (ECF No. 193). Her husband and co-defendant, Scott A. Roskovski, was sentenced to a term of 30 months' imprisonment, followed by two years of supervised release. (ECF No. 196). He reported as directed to SCP Cumberland on July 20, 2021, to begin service of his sentence.

Mrs. Roskovski seeks to delay reporting to the Bureau of Prisons ("BOP") and to begin serving her sentence fourteen (14) days after her husband is released from custody. (ECF No. 221-1). She makes this request based on claims that: (1) her aging parents require day-to-day assistance; (2) her "son is prone to tumors, which have required surgery and will eventually require additional surgery"; and (3) the operation of Switchback MX is a "family business" that either she or her husband need to operate. (ECF No. 221, pp. 1-2). The Court finds that no just

1

cause exists to grant Mrs. Roskovski's request, and it will deny her motion for the following reasons.

## I.    STANDARD OF REVIEW

The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq*., does not generally permit a district court to "modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  Congress has provided certain exceptions to that rule, set forth in § 3582(c), Federal Rule of Criminal Procedure 35, and 18 U.S.C. § 3742, none of which are applicable to Mrs. Roskovski's current request to delay her reporting date for surrender to the BOP.  Nevertheless, the Court concludes, and the Government does not argue otherwise, that it retains the authority to entertain Mrs. Roskovski's request given the fact that she has not yet begun serving her sentence.  Inherent in the authority to allow a defendant the opportunity to voluntarily surrender to the BOP to begin serving a sentence is the authority to delay the date on which a sentence may commence for good cause and within reasonable limits.

As the Government accurately notes, district courts "have granted codefendant parents' requests for staggered sentences in very limited circumstances, principally providing for a staggered sentencing structure to 'maintain parental continuity" for the defendants' minor children.  *United States v. Gary*, 613 F.3d 706, 708-709 (7th Cir. 2010)." (citing cases) (ECF No. 223, p. 3).  A review of the cases on the issue shows that staggered sentences are rare and permitted in only extraordinary circumstances.

## II.    ANALYSIS

The Court is sympathetic to the fact that entire families suffer emotional and financial harm when a member is imprisoned.  But this is a consequence of the perpetrator's crime, not

the sentence imposed.  The Roskovskis engaged in joint criminal activity while they had elderly parents, children, and a family business.  Mrs. Roskovski is not entitled to have the Court ameliorate the foreseeable consequences of her criminal conduct.  She does not claim that her sentence of imprisonment, which was within the advisory guideline range, came as any surprise.[1] Nor can she claim that her husband's sentence of imprisonment, also within the advisory guideline range, came as any surprise.  No argument was presented to the Court at sentencing that the Roskovskis wished to stagger their sentences.  Mr. Roskovski has already reported to prison, as directed.  Mrs. Roskovski now seeks to delay the inevitable – reporting to prison.  Her family and business circumstances do not justify a staggered sentence.  Further, the § 3553(a) factors discussed at sentencing, which are incorporated herein (ECF No. 204), weigh against her request.  The Court finds that a staggered sentence is not reasonable or warranted in this case. Mrs. Roskovski's motion will be denied.

First, as to Mrs. Roskovski's claim that her aging parents require day-to-day assistance, the record, including the Presentence Investigation Report and testimony at sentencing, revealed that Mrs. Roskovski has a large family support system and that there are other adult family members who could provide or arrange assistance for Mrs. Roskovski's parents.  No information has been provided about the housing status of Mrs. Roskovski's parents.  Mrs. Roskovski has not demonstrated, and the record does not suggest, that she is the only available caretaker for her parents.  Mrs. Roskovski's desire to continue to assist her aging parents is not just cause for a delayed BOP surrender date.

---

[1] Mrs. Roskovski did not file an appeal from her sentence, and thus, she has not claimed that her sentence violated the law, was the result of an incorrect application of the guidelines, or exceeded the applicable guidelines range.  *See* 18 U.S.C. § 3742.

Second, as to Mrs. Roskovski's 23-year-old son's medical condition that involves tumors, while he may rely upon his parents to ensure he receives "proper medical treatment," the fact of the matter is that he is a fully functioning adult with employment. No representation has been made to the Court that he is suffering from a terminal illness, unable to physically care for himself, or that he has some sort of mental capacity issue. In no way is the Court minimizing his medical condition, but Mrs. Roskovski's desire to continue to assist her son with his medical care is not just cause for a delayed BOP surrender date. Her adult son is just that – an adult. Absent any evidence of an inability to care for himself and take responsibility over his own medical care and treatment, his condition does not justify a staggered sentence for Mrs. Roskovski.

Third, as to Mrs. Roskovski's claim that either she or her husband need to be present to operate Switchback MX, the Court does not find this to be the case. Mrs. Roskovski's son is a fulltime employee of Switchback MX, and has been for multiple years. (ECF No. 109, ¶ 64). The Court also recalls that Switchback MX has other employees. The record does not show that no other individuals besides the Roskvoskis can assist in the operation of the business while they are incarcerated and that their presence is necessary on site for the business to survive. The Court wholeheartedly concurs with the Government that "the codefendants have had plenty of time, since entering their pleas of guilty, to position Switchback MX for success by hiring and training employees to manage the operation of the business while they are serving the imposed terms of imprisonment." (ECF No. 223, p. 7). The operation of Switchback MX is not a just cause for a delayed BOP surrender date.

In sum, the Court is fully cognizant of Mrs. Roskovski's family and business circumstances, but no extraordinary or compelling reasons exist for it to exercise its discretion

4

and permit Mrs. Roskovski to delay the service of her sentence of imprisonment for approximately thirty (30) months until her husband is released from prison.  The Court believes it would pose a disservice to the public and to the concept of justice for it to allow more time to pass before Mrs. Roskovski is required to serve her sentence.  The Indictment against Mrs. Roskovski was filed on April 17, 2019 (ECF No. 3), and a Superseding Indictment was filed on May 22, 2019 (ECF No. 36).  Pursuant to a negotiated plea agreement, Mrs. Roskovski pled guilty to Counts 8 and 42 of the Superseding Indictment on May 28, 2020.  (ECF No. 89). Sentencing was originally scheduled for October 6, 2020  (ECF No. 100), but due to numerous extensions it did not occur until June 10, 2021 (ECF No. 193).  It was not until July 19, 2021, that Mrs. Roskovski filed her request for a staggered sentence.  (ECF No. 221).  Notably, she did so after the Court denied her husband's request for bond pending appeal on July 1, 2021, and then the Third Circuit Court of Appeals denied his motion for bond pending appeal on July 19, 2021.  (Third Circuit Court of Appeals Docket # 21-2215).  Mr. Roskovski surrendered to the BOP for service of his sentence the next day, July 20, 2021.  Now, the time has come for Mrs. Roskovski to commence the service of her sentence of imprisonment.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Mrs. Roskovski's Motion for Staggered Sentences.  An Order of Court will follow.  Mrs. Roskovski will be ordered to adhere to the Bureau of Prisons directive that she report on August 17, 2021, to FPC Alderson for service of her term of imprisonment.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

8/9/21