# UNITED STATES DISTRICT COURT
## Western District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>STEPHANIE J. ROSKOVSKI | AMENDED JUDGMENT IN A CRIMINAL CASE<br><br>Case Number: 2:19-cr-106-1<br>USM Number: 39436-068 |
| **Date of Original Judgment:** 6/10/2021<br>*(Or Date of Last Amended Judgment)* | ROBERT J. RIDGE<br>Defendant's Attorney |

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s) **8 and 42 of the superceding indictment**
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1341 & 1342 | Mail Fraud | 6/21/2017 | 8 |
| 26 U.S.C. 7206(1) | Filing a False Income Tax Return | 7/2/2017 | 42 |

The defendant is sentenced as provided in pages 2 through **9** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s) **1-7 and 9-41** ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/24/21
Date of Imposition of Judgment

*[signature]*
Signature of Judge

William S. Stickman IV    U. S. District Judge
Name and Title of Judge

8/24/21
Date

DEFENDANT: STEPHANIE J. ROSKOVSKI
CASE NUMBER: 2:19-cr-106-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

51 months at Count 8 and 36 months at Count 42, to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

  that the defendant be incarcerated as close as possible to Pittsburgh, PA

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☑ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: STEPHANIE J. ROSKOVSKI
CASE NUMBER: 2:19-cr-106-1

## ADDITIONAL IMPRISONMENT TERMS

The defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall be paid as a condition of supervised release.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case  
Sheet 3 — Supervised Release  
Case 2:19-cr-00106-WSS   Document 234   Filed 08/24/21   Page 4 of 9  
(NOTE: Identify Changes with Asterisks (*))  
Judgment—Page 4 of 9

DEFENDANT: STEPHANIE J. ROSKOVSKI  
CASE NUMBER: 2:19-cr-106-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years. This 3 year term of supervised release consists of 3 years at Count 8 and 1 year at Count 42, to be served concurrently. While on supervised release you will be subject to the mandatory conditions, standard conditions, and the following additional conditions:

Any portion of the restitution that is not paid in full at the time of your release from imprisonment shall be paid as a condition of supervised release. The victim's recovery is limited to the amount of its loss, and your liability for restitution ceases if and when the victim(s) receives full restitution.

You shall pay the Internal Revenue Service restitution jointly and severally with Scott A. Roskovski, 2:19-cr-106 - 2.

You shall apply all moneys received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation within 10 days of receipt, unless excused from doing so by Order of Court.

You shall report any change of address within 30 days to the United States Attorney's Office while any portion of the restitution remains outstanding.

You are prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the probation officer.

You shall pay restitution that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release at a rate of not less than 10 percent of your gross monthly earnings. The first payment shall be due within 30 days from release from the custody of the Bureau of Prisons.

You shall provide the probation officer with access to any requested financial information.

You shall timely file local, state and federal income tax returns, and cooperate with the Internal Revenue Service in the collection of any past due taxes including penalties and interest.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: STEPHANIE J. ROSKOVSKI
CASE NUMBER: 2:19-cr-106-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: STEPHANIE J. ROSKOVSKI
CASE NUMBER: 2:19-cr-106-1

## ADDITIONAL SUPERVISED RELEASE TERMS

You shall participate in a mental health assessment and/or treatment program approved by the probation officer, until such time as released from the program by the Court. You shall be required to contribute to the costs of services in an amount determined by the Probation Office. These costs shall not exceed the actual cost of the service. The Probation Office is authorized to release the defendant's presentence report to the treatment provider if so requested.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 2:19-cr-00106-WSS   Document 234   Filed 08/24/21   Page 7 of 9

Judgment — Page  7  of  9

DEFENDANT: STEPHANIE J. ROSKOVSKI
CASE NUMBER: 2:19-cr-106-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 1,287,374.41 | $ 0.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Butler Health System | $1,343,797.07 | $748,660.03 | 1st priority |
| Internal Revenue Service |  |  | 2nd priority |
| Tax Year 2012 |  | $70,956.19 |  |
| Tax Year 2013 |  | $84,325.18 |  |
| Tax Year 2014 |  | $131,850.29 |  |
| Tax Year 2015 |  | $111,597.41 |  |
| Tax Year 2016 |  | $139,985.31 |  |
| **TOTALS** | $ 1,343,797.07 | $ 1,287,374.41 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☑ the interest requirement is waived for   ☐ fine   ☑ restitution.

  ☑ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:
  The interest on the restitution to Butler Health System is waived.
  The interest on the restitution due to the IRS in included in the total amount due of $538,714.38. No additional interest is to be accrued. See page 8 for interest calculated.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 2:19-cr-00106-WSS   Document 234   Filed 08/24/21   Page 8 of 9

Judgment—Page 8 of 9

DEFENDANT: STEPHANIE J. ROSKOVSKI
CASE NUMBER: 2:19-cr-106-1

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

You must transfer to Butler Memorial Hospital all funds contained in your "Cash Balance Retirement Plan for Non-Union Employees of Butler Memorial Hospital" on your 55th birthday, that is April 17, 2025, and complete and execute, within 10 days of receipt, any and all documents necessary to affect said transfer of funds to Butler Memorial Hospital.

If any residual funds remain in your 403(b) account, you shall execute the necessary documents for the funds to be removed and applied to the restitution due to the Butler Health System.

Your restitution payments must first be made to the Butler Health System. All restitution payments shall be mailed to the Clerk of Court at the address listed below. The Clerk will then forward payment to Butler Health System, c/o Kenneth P. DeFurio, Pres. & CEO, 1 Hospital Way, Butler, PA 16001. Your check must be made payable to "Clerk, U. S. District Court" and the memo line must include: 2:19-cr-106 -1 Steph. Roskovski BHS rest.

Once Butler Health System is paid in full, you are jointly and severally liable to the Internal Revenue Service with co-defendant Scott A. Roskovski. The amount due to the Internal Revenue Service includes interest calculated through the sentencing date of June 10, 2021 as outlined below.

|       | Tax Loss     | Interest     | Total Restitution |
|-------|--------------|--------------|-------------------|
| 2012  | $ 51,807.00  | $ 19,149.19  | $ 70,956.19       |
| 2013  | $ 63,443.00  | $ 20,882.18  | $ 84,325.18       |
| 2014  | $102,220.00  | $ 29,630.29  | $131,850.29       |
| 2015  | $ 89,195.00  | $ 22,402.41  | $111,597.41       |
| 2016  | $116,441.00  | $ 23,544.31  | $139,985.31       |
| Total | $423,106.00  | $115,608.38  | $538,714.38       |

Restitution payments shall be mailed to the Clerk of Court at the following address:

Clerk of Court
U.S. Courthouse
700 Grant Street, Suite 3110
Pittsburgh, PA 15219

You must provide the following information with each payment for the Internal Revenue Service: (a) your name and social security number; (b) the District Court docket number assigned to the case: 19-cr-106 - 2; (c) the tax year for which restitution is to be applied; and (d) a statement that the payment is being submitted pursuant to the Court's restitution order.

Payment will then be forwarded by the Clerk to the Internal Revenue Service at: IRS-RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave., Kansas City, MO 64108.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments         (NOTE: Identify Changes with Asterisks (*))

Case 2:19-cr-00106-WSS   Document 234   Filed 08/24/21   Page 9 of 9

Judgment — Page 9 of 9

DEFENDANT: STEPHANIE J. ROSKOVSKI
CASE NUMBER: 2:19-cr-106-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑ Lump sum payment of $ 200.00 due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

   You shall pay restitution that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release at a rate of not less than 10 percent of your gross monthly earnings. The first payment shall be due within 30 days from release from the custody of the Bureau of Prisons.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| 2:19-cr-106 - 2 Scott A. Roskovski | $538,714.38 | $538,714.38 | Internal Revenue Service |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.